

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2003

# Williams v. Dist Dir INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Williams v. Dist Dir INS" (2003). *2003 Decisions.* Paper 251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

02-2443
_____

WORGOR WILLIAMS,

Appellant

v.

ANDREA J. QUARANTILLO, DISTRICT DIRECTOR FOR INS

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

(D.C. Civ. No. 02-cv-00119)
District Judge:  The Honorable Katharine S. Hayden

Argued:  June 16, 2003

Before:  ALITO, ROTH, and HALL,[*] <u>Circuit</u> <u>Judges</u>

(Filed:  September 26, 2003)

_____

OPINION
_____

_____

[*]Sitting by designation: Cynthia H. Hall, Circuit Judge, U.S.C.A., Ninth Circuit.

Maria Torres, Esq. (Argued)
1594 Metropolitan Avenue #4B
Bronx, New York   10462

Zachary Margulis-Ohnuma (Argued)
Hafetz & Necheles
500 Fifth Avenue
29th Floor
New York, New York   10110

Counsel for Appellant

Michael P. Lindeman (Argued)
Assistant Director
Christopher C. Fuller
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Section
Washington, DC   20044

Counsel for Appellee

PER CURIAM:

This is an appeal from a District Court order denying a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The petitioner, Worgor Williams, a native and citizen of Ghana, arrived in the United States as stowaway and asserts rights under Article III of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A.Res. 39/46, 39th Sess., U.N.G.A.O.R. Supp. No. 51 at 197, U.N. Doc. A./39/51 (1984).  Because we write for the benefit of the parties, the background of the case is not set out.

1. Although the government contends that the District Court lacks jurisdiction to entertain the habeas petition, our Court's recent decision in Ogbudimkpa v. Ashcroft, 2003 WL 21995303, (3d Cir., Aug. 22, 2003), forecloses that argument.

2. The petitioner contends that he had a constitutional right to due process in the administrative proceedings and that this right was violated. The respondent argues, however, that "[a]s an unadmitted alien in immigration proceedings, [Williams had] no protection from the Constitution . . . ." Respondent's Br. at 26. Assuming for the sake of argument that the petitioner had due process rights in the administrative proceedings, we hold, for essentially the reasons set out in the opinion of the District Court that "all due process requirements were met." Dist. Op. at 10. In Chong v. District Director, INS, 264 F.3d 378, 386 (3d Cir. 2001), which concerned removal proceedings against a permanent resident alien, we stated that due process required that the alien "(1) be entitled to fact finding based on a record produced before the board and disclosed to her; (2) be allowed to make arguments on her own behalf; and (3) have the right to an individualized determination of her interests." See also Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). In this case, the petitioner was given all of those rights. We have considered all of the petitioner's arguments, but assuming arguendo that the petitioner possessed due process rights, all of those rights were observed.

3. We have considered all of the petitioner's remaining arguments, and find no ground for reversing the decision of the District Court. We note that both the

3

Immigration Judge and the Board of Immigration appeals found that the petitioner had not satisfied his burden of showing that he is likely to be tortured if returned to Ghana and that the District Court found that this conclusion was supported by substantial evidence. See J.A. 20-21, 100, 103-111.

For the reasons set out above, the order of the District Court denying the petition for a writ of habeas corpus is affirmed.